Curia, per
Earle, J.
This action is brought against the defendant, on his alleged undertaking, to pay a debt, due *62 to the plaintiff, from one Groner, by a note of hand. The promise relied on is in writing ; and so far complies with the statute of frauds, as we do not now require the consideration to be expressed. But there are several objections to the plaintiff’s recovery; some arising out of the process, others out of the paper itself, as a legal assumpsit, to sustain an action. It is not, itself, a note of hand, importing consideration; and none is set out in the process. If we dispense with that, as I suppose we may, under the liberal (perhaps it would be more true to say, loose,) practice in that jurisdiction, yet, the promise to pay ison a contingency, “whenever his funds come to my hands.” Now surely, the process should have alleged the receipt of funds, and when; with a refusal to pay. But supposing this to be cured too, does the paper itself, and the proof, authorize the decree % Regarding it as an undertaking, to pay the debt of another, some consideration is necessary ; some loss, or inconvenience to the plaintiff, or some benefit, however slight, to Groner, or the defendant; and, I confess, I do not perceive either. There is no stipulation for forbearance to Groner, much less, to discharge him, in consideration of the defendant’s promise. The defendant, himself, did not owe Gro-ner, and could derive no advantage from paying his debt. The plaintiff deposited the note with defendant, although, it was payable to bearer; this was no transfer, but only to enable him, whenever Groner’s funds came to hand, to apply them and deliver up the note, to Groner. On considering the terms of the paper, and the whole complexion of the case, I think it apparent, that this could only be done with Groner’s consent; and that, in fact, there was no undertaking, on the part of the defendant, to pay the debt out of his own funds. Groner made no assignment of the fund to the plaintiff, so as to make it money, had and received, in the hands of defendant, to the use of the plaintiff. He requested Fort to pay the note, and Fort said to the plaintiff, I will do so, as he has requested me, when his funds come to my hands. Before that event happened, Groner changed his mind, and countermanded the order to pay the plaintiff, as it was competent for him to do. So far from assigning the fund to the plaintiff, by drawing on Fort, in his favor, there does not appear to have been any com *63 munication on the subject, between Groner and the plaintiff. As between him and the defendant, it was competent for him to revoke, at pleasure, any order given for the payment of the money, before it was paid. If the undertaking was not such as I have supposed, and the understanding of the parties, likewise, why was not a check drawn at once, on the treasury, in favor of the plaintiff, to pay Gro-ner’s note'? I think there was no legal undertaking to pay, founded on any consideration, proceeding from the plaintiff, to sustain this action. The defendant might, gratuitously, have undertaken to collect this note, for the plaintiff; if he did so, and the note was intrusted with him, for that purpose, and he entered upon the performance of the trust, he would be bound to act honestly, and would be answerable for the damages, if he were guilty of culpable negligence. The action here, .however, does not rest upon these grounds, which it will be time enough to consider, when they come before us. The motion to set aside the decree, and to enter a non-suit, is granted.
We concur. John Belton O’Neall, Josiah J. Evans, D. L. Wardlaw.
Butler dubitante, Richardson, J. dissenting.